UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NICHOLAS A. OWOYEMI,

                        Plaintiff,                **MEMORANDUM & ORDER**
                                                                 19-CV-1742 (MKB)

            v.

NEW YORK STATE LAW REPORTING
BUREAU,

                        Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Nicholas A. Owoyemi, proceeding *pro se*, commenced the above-captioned action on March 25, 2019, against Defendant New York State Law Reporting Bureau, alleging that Defendant defamed him. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order.[1] For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

Plaintiff commenced this action by filing a form Complaint for civil actions. (*See generally* Compl.) Plaintiff alleges that "Defendant has defamed [him] through [an] internet publication [that] suggest[s] [he] was involved in a serious crime involving felony or moral turpitude." (*Id*. at 4.) Plaintiff further alleges that the publication has harmed him as follows: "(1) It reflects negatively on . . . [his] chara[c]ter, morality, and integrity; (2) It exposes [him] to public ridicule; [and] (3) It impairs . . . [his] financial well-being." (*Id*.) Plaintiff states that "the

---

[1] On May 16, 2019, Plaintiff filed a letter requesting a status report from the Court on his motion for leave to proceed *in forma pauperis*. (May 16, 2019 Letter, Docket Entry No. 4.)

harm caused to [his] moral reputation, and the ongoing negative effects on his means of livelihood as a financial professional are imme[a]surable." (*Id*. at 5.) According to Plaintiff, "[p]otential clients do not want to hire [him] as [a] financial adviser because of the defamatory public publication caused by Defendant," and his "current efforts to seek employment [at] a financial institution to improve his current financial situation [are] further complicated by rejections from those employers who ha[ve] researched and obtained the derogatory publication by the [D]efendant." (*Id*.) Plaintiff seeks $500,000 in damages and injunctive relief. (*Id*. at 4.)

Plaintiff contends that the publication "is defamatory, and it has caused immediate and irreparable harm and will continue to cause such harm unless the [current action] is heard and adjudicated upon the soonest, and Defendant is caused to remove [the] defamation with prejudice." (*Id*. at 4–5.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. The Court lacks subject matter jurisdiction over Plaintiff's claims

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id*.

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding

diversity jurisdiction.").

Plaintiff invokes the Court's federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Compl. 3.) However, based on the allegations in the Complaint, the Court does not have federal question jurisdiction over this action as "there is no federal cause of action for defamation because it 'is an issue of state law, not of federal constitutional law . . . .'" *Harris v. Doe*, No. 17-CV-7256, 2018 WL 1997976, at *2 (E.D.N.Y. Apr. 27, 2018) (citing *Singletary v. Chalifoux*, No. 13-CV-4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Because Plaintiff fails to plead a colorable claim "arising under" the Constitution or laws of the United States, his allegations do not give rise to subject matter jurisdiction under 28 U.S.C. § 1331.

Moreover, while Plaintiff does not assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court concludes that it is also without such jurisdiction. As noted above, federal courts have diversity jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Based on the allegations in the Complaint, it appears that Plaintiff and Defendant are domiciled in New York. (Compl. 1–2.) Complete diversity is therefore lacking, and the Court is without diversity jurisdiction.

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction.[2] Fed. R. Civ. P. 12(h)(3).

---

[2] In the Complaint, Plaintiff requests that the Court grant him injunctive relief and order Defendant to remove the defamatory publication with prejudice. (Compl. 4–5.) Because the Court dismisses the Complaint for lack of subject matter jurisdiction, there is no pending action before the Court and the Court therefore has no basis to consider Plaintiff's request for injunctive relief. The Court therefore declines to address Plaintiff's application for injunctive relief.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Complaint without prejudice. While the Court would ordinarily allow Plaintiff to amend his Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile . . . ." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (*citing Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

Dated: May 31, 2019
      Brooklyn, New York

                              SO ORDERED:

                              _____s/ MKB_____
                              MARGO K. BRODIE
                              United States District Judge